UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON CLARK SIMS,<br><br>        Plaintiff,<br><br>v.<br><br>L. BIRD, Warden; K. WILLEY, Fire Captain; M. CARILLO, Correctional Counselor; Y. MENCIAS, Correctional Counselor; L. ROLTGEN, Parole Agent; G. JOSEPH, Parole Agent; HORMOZI, Correctional Officer; L. WALKER, Correctional Counselor; SHARPE, Correctional Counselor; Y. YANG, Correctional Counselor; S. ALATORRE, Parole Agent; and JAN or JOHN DOE, CDCR Employees,<br><br>        Defendants. | Case No.: 23-CV-463 TWR (BLM)<br><br>**ORDER (1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND (2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>(ECF No. 2) |

   Plaintiff Nelson Clark Sims, proceeding pro se, filed this civil action pursuant to 42 U.S.C. § 1983 on March 13, 2023, (ECF No. 1, "Compl."), together with a Motion to Proceed *in Forma Pauperis* ("IFP"), (ECF No. 2, "Mot."). Plaintiff's Complaint and IFP Motion list his custody status as a state prisoner at Valley State Prison in Chowchilla, California. (*See* Compl. at 1; Mot. at 1.) But on the same day that he filed his Complaint

and IFP Motion, Plaintiff also filed a Notice of Change of Address showing that he is out of custody and has a new residential address. (ECF No. 3.) Plaintiff filed his Complaint and Motion after he was already out of custody.[1] (*See generally* Docket.)

## MOTION TO PROCEED *IN FORMA PAUPERIS*

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[2] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to file an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

Because Plaintiff is no longer incarcerated, and he was released before he filed his Complaint and IFP Motion, no inmate trust account exists that he can rely on to show his current financial situation. And Plaintiff provided no financial affidavit reflecting his current post-incarceration income, assets, and/or ability to pay. The Court therefore **DENIES WITHOUT PREJUDICE** Plaintiff's present IFP Motion. If Plaintiff wishes to further prosecute this action, the Court **DIRECTS** him to file a supplemental application

---

[1] The Court has independently confirmed that Plaintiff, who was also formerly identified as California Department of Corrections and Rehabilitation ("CDCR") Inmate No. BM4474, is no longer in CDCR custody. *See* CDCR Inmate Locator, https://inmatelocator.cdcr.ca.gov/Results.aspx (last visited March 21, 2023); *see also United States v. Basher*, 629 F.3d 1161, 1165 n.2 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator available to the public); *Pacheco v. Diaz*, No. 1:19-cv-00774-SAB (PC), 2019 WL 5073594, at *2 (E.D. Cal. Sept. 4, 2019) (taking judicial notice of CDCR's Inmate Locator system); *McCoy v. Le*, No. 3:21-CV-1755-BAS-LL, 2021 WL 5449004, at *1 n.2 (S.D. Cal. Nov. 22, 2021) (same).

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

to proceed IFP that documents his current post-release income, assets, and expenses. *See* 28 U.S.C. § 1915(a); *see also Townsend v. Rendon*, No. 1:21-cv-01120-DAD-SAB (PC), 2022 WL 1462181, at *2 (E.D. Cal. April 1, 2022) (directing released inmate to "either pay the filing fee in full or submit a complete[d] application to proceed in forma pauperis by a non-prisoner"); *Makoni v. Downs*, No. 16cv2335-AJB (WVG), 2016 WL 7210403, at *4 (S.D. Cal. Dec. 13, 2016) (denying released prisoner's initial IFP motion but granting leave to file supplemental post-release IFP motion); *Flynn v. Canlas*, No. 15-cv-2115-WQH (PCL), 2015 WL 8492503, at *3 (S.D. Cal. Dec. 10, 2015) (same); *Adler v. Gonzalez*, No. 1:11-cv-1915-LJO-MJS (PC), 2015 WL 4041772, at *2 (E.D. Cal. July 1, 2015) (requiring "updated IFP application" of released prisoner because the "[c]ircumstances that undoubtedly contributed to his impoverishment, *i.e.*, imprisonment, no longer exist"); *cf. Escobedo*, 787 F.3d at 1234 (noting that "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life").

If Plaintiff elects to file a supplemental IFP motion, he is warned that he may still be required to pay a partial filing fee determined by the Court depending on his ability to pay. *See* S.D. Cal. CivLR 3.2(d) ("In considering a non-prisoner's request to proceed in forma pauperis, the Court may, in its discretion, impose a partial filing fee which is less than the full filing fee that is required by law, but which is commensurate with the applicant's ability to pay."). Plaintiff is also cautioned that, even if his supplemental application to proceed IFP is granted, his Complaint will immediately be subject to the *sua sponte* screening required by 28 U.S.C. § 1915(e)(2) and dismissed if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. *See* 28 U.S.C. § 1915(e)(2).

## CONCLUSION

In light of the foregoing, the Court:

(1) **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Proceed *in Forma Pauperis* (ECF No. 2);

(2)     **DISMISSES WITHOUT PREJUDICE** this civil action for failure to prepay the filing fees required by 28 U.S.C. § 1914(a);

(3)     **GRANTS** Plaintiff forty-five (45) days from the date of this Order in which to reopen his case by *either*: (a) prepaying the full $402 civil filing and administrative fee required by 28 U.S.C. § 1914(a) in one lump sum; or (b) filing a supplemental application to proceed IFP that includes an affidavit documenting Plaintiff's current post-release income, assets, and expenses.  *See* 28 U.S.C. § 1915(a); and

(4)     **DIRECTS** the Clerk of the Court to provide Plaintiff a blank AO 239 (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).

If Plaintiff chooses *not* to comply with this Order by either paying the full $402 civil filing and administrative fee in one lump sum or submitting a completed AO 239 supplemental IFP application within forty-five (45) days of the date of this Order, this civil action will remain dismissed without prejudice and without further order of the Court based on Plaintiff's failure to comply with 28 U.S.C. § 1914(a).

**IT IS SO ORDERED.**

Dated:  March 27, 2023

_____
Honorable Todd W. Robinson
United States District Judge